# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

SANDRI RIJO,

 Petitioner,

v.

UNITED STATES OF AMERICA,

 Defendant.

**Civil No. 15-1915 (ADC)**
**[Related to Crim. No. 12-068-6 (ADC)]**

## OPINION AND ORDER

 Before the Court is Sandri Rijo's ("petitioner" or "Rijo") timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 motion") (**ECF No. 1**).[1] Petitioner seeks post-conviction relief on the basis that his criminal-trial attorney, Víctor P. Miranda Corrada ("attorney Miranda" or "defense counsel"), allegedly rendered ineffective assistance of counsel. In essence, petitioner contends that his Sixth Amendment rights were violated during the jury trial in the instant case, inasmuch as attorney Miranda failed to present allegedly exculpatory witness testimony and documentary evidence. **ECF No. 1** at 4. The United States of America ("Government" or "Respondent") answered the 2255 motion (**ECF No. 5**), and petitioner subsequently replied to the Government's answer (**ECF No. 6**).

---

[1] The First Circuit entered its Opinion and Order adjudicating Rijo's appeal on May 13, 2015; subsequently, Judgment was entered on May 14, 2015. **Criminal No. 12-068**, **ECF Nos. 645, 647**; *U.S. v. De La Cruz Feliciano*, 786 F.3d 78 (1st Cir. 2015). Rijo filed his 2255 motion on July 9, 2015. **ECF No. 1**. Thus, Rijo's filing was within the 90-day period pursuant to Sup.Ct. R. 13.1 and *Clay v U.S.*, 537 522, 525 (2003), given that Rijo did not seek review by the U.S. Supreme Court of the decision issued by the First Circuit Court of Appeals. **ECF No. 1** at 2.

Rijo did not raise the ineffective assistance of counsel claim in his appeal before the First Circuit. *Id.* He contends that "[i]neffective assistance of counsel cannot be raised on appeal due to the record is not complete [ sic ], so the proper place is during collateral proceedings (§ 2255)." (**ECF No. 1** at 4). He is correct in that generally, a defendant may raise a claim of ineffective assistance of counsel by means of a collateral claim under 28 U.S.C. § 2255 instead of on direct appeal. *Massaro v. United States*, 538 U.S. 500 (2003); *U.S. v. Natanel*, 938 F.2d 302 (1st Cir. 1991). Nevertheless, after careful consideration of Rijo's 2255 motion, related filings, and other pertinent parts of the case's record, the Court hereby **DENIES** Rijo's petition under 28 U.S.C. § 2255 for the reasons discussed herein.

**I. Factual and Procedural Background**

The instant case originates in the arrest, prosecution and conviction of fourteen men who were involved in a conspiracy to smuggle over 900 kilograms of cocaine through the shores of Santa Isabel, Puerto Rico, in January of 2012. *De La Cruz Feliciano*, 786 F.3d. at 82-83; **Criminal No. 12-068**. Rijo was one of the participants who helped to unload the cocaine from the motorboat. *De La Cruz Feliciano*, 786 F.3d. at 82-83; **Criminal No. 12-068**, **ECF Nos. 45, 385, 394, 396, 397, 401, 405, 406, 413.** All participants were indicted with conspiring to illegally possess with intent to distribute amounts in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 18 U.S.C. § 2. **Criminal No. 12-068**, **ECF No. 45**; *De La Cruz Feliciano*, 786 F.3d. at 82-83. All but Rijo and co-defendant Junior H. De La Cruz Feliciano ("De La Cruz")

entered into plea agreements. Rijo and De La Cruz stood jury trial, wherein they were found guilty on all charges. **Criminal No. 12-068**, **ECF No. 413;** *De La Cruz Feliciano*, 786 F.3d. at 82-83. Both defendants appealed the verdict, and the First Circuit Court of Appeals affirmed the District Court's holdings on all issues raised on appeal. **Criminal No. 12-068**, **ECF No. 425;** *De La Cruz Feliciano*, 786 F.3d. at 82-92.

The underlying facts of one of the issues raised on appeal by Rijo are highly relevant to his arguments in support of his 2255 motion. Specifically, one of Rijo's averments on appeal was an alleged *Brady* violation by the Government for not having disclosed errors in an investigative report by the Drug Enforcement Administration ("DEA") prior to defense counsel's opening statement at trial. *Id.* at 85-88. The DEA Report of Investigation, referred to as "DEA 6," was prepared by Agent William Rosario ("Agent Rosario"), and it summarized statements made by a co-defendant and informant named Freddy Altagracia-Medina ("Altagracia"). *De La Cruz Feliciano*, 786 F.3d. at 85-86. Moreover:

> [t]he DEA 6 contained several erroneous statements due to the agent's confusion of Sandri Rijo, the defendant, with [co-defendant] Sandy Navarro. In particular, the report erroneously stated that Mr. Rijo, rather than Navarro, was on the motorboat with [co-defendant Gary] Brito and had helped to transport the drugs from the "mother ship" to shore. Agent Rosario also created handwritten notes before preparing the DEA 6. Those notes, however, were partially in Spanish and contained at least one instance where the agent again confused Mr. Rijo with Navarro. The Government turned over the DEA 6 and the agent's handwritten notes to defense counsel during pretrial discovery. The Government also disclosed its plans to call Altagracia as a witness to testify that Mr. Rijo was on the shore during the delivery and helped to unload the drugs ... After opening statements, the Government informed defense counsel about the mistakes in its DEA 6. Defense counsel in turn moved for a mistrial, claiming that his 'client['s] right to a

fair trial ha[d] been compromised.' In particular, defense counsel expressed concern that the Government's late disclosure undermined the defense strategy that he had presented to the jury during opening statements. The district court denied Mr. Rijo's motion. It concluded that defense counsel's ability to present Mr. Rijo's defense before the jury had not been impaired because he still could attack Altagracia's credibility at trial and could call Agent Rosario to testify about the DEA 6. Further, the court held that Agent Rosario's handwritten notes made clear that "the person identified was Sandy N[a]varro," and that the "inaccuracy in the DEA 6 ... could be gathered by reviewing the [agent's] rough notes."

*Id.*

In the end, the defense did not call Agent Rosario to testify at trial, nor did the defense present DEA 6 or Rosario's hand-written notes as evidence. *Id.* Furthermore, the defense did not call Altagracia to testify at trial, the informant and co-defendant on whose statements Agent Rosario had based the alleged incorrect identification regarding Rijo contained in DEA 6 and in the hand-written notes. **ECF No. 1** at 4. Now, Rijo contends in his 2255 motion that as a result of counsel's failure to introduce the aforementioned evidence at trial, "Petitioner was denied his constitutional right to present exculpatory evidence on his behalf. [H]ad this evidence been presented[,] the government's case would have been undermined, greatly affecting the outcome of Petitioner's trial proceedings." *Id.*

## II. Standard of Law

"Congress enacted 28 U.S.C. § 2255 as a substitute for the traditional habeas remedy with respect to federal prisoners." *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). A federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner requesting post-conviction relief must show that his sentence "reveal[s] fundamental defects which, if uncorrected, will result in a complete miscarriage of justice." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (citations omitted). The burden to establish such defects falls on petitioner. *Id*.

Moreover, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defense." U.S. Const. amend. VI. "'[T]he right to counsel is the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). However, "the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007) (quoting *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003)). Hence, to make a successful claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's performance was deficient; and that (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 669. Petitioner bears a heavy burden of proof in this regard. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996). Furthermore, "a reviewing court need not address both requirements if the evidence as to either is lacking." *Sleeper*, 510 F.3d at 39. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

Regarding the first element under *Strickland*, counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id*. at 688. "The purpose of the effective assistance guarantee of the Sixth Amendment is ... to ensure that criminal defendants receive a fair trial." *Id.* at 689. Thus, the standard for determining whether a trial attorney's performance has been constitutionally deficient is whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. In addition, whether assistance of counsel was effective depends on the circumstances of each particular case "viewed as of the time of counsel's conduct," for which no fixed set of rules applies in making that determination. *Id.* at 690. Application of fixed rules by the Court in that context "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Id.* at 689. In short, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id. See also U.S. v. Natanel*, 938 F.2d at 309-10.

As to the second element, prejudice is defined as a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, in assessing a claim of ineffective assistance, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Burt v. Titlow*, 571 U.S. ___, 134 S.Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 690).

**III. Discussion**

In the instant case, Rijo bases his claim of ineffective assistance of counsel on his attorney not having presented at trial what Rijo deems to be exculpatory evidence. **ECF Nos. 1** at 4 and **1-1** at 4-10. Specifically, defense counsel did not call as witnesses Agent Rosario or co-defendant/informant Altagracia, nor did he present the DEA 6 or Agent Rosario's notes. *Id.* The aforementioned evidence, according to Rijo, exculpates him in the instant case, inasmuch as it could be used to establish that he was erroneously identified as one of the persons on the boat carrying the cocaine cargo, when Rijo was not. *Id.* In Rijo's view, he may have been acquitted had his attorney presented that evidence. *Id.* Accordingly, he argues that his defense counsel's failure to introduce said evidence caused him prejudice. *Id.*

In its response to petitioner's 2255 motion, the Government averred that:

[i]n a conversation held with trial counsel Victor P. Miranda-Corrada he insisted that, as a matter of strategy, it was better not to call agent Rosario to take the stand. He stated that the risk of prejudice to defendant surpassed the evidentiary value of the testimony or the DEA 6. He further stated that he understood the issue of the name confusion would pass as a 'typo' rather than a defense; and he wanted to avoid that the 'story' of the prosecution be submitted to the jury again by a witness that was called by the defense.[2]

Thus, the Government contends that petitioner's 2255 motion should be denied, inasmuch as his allegations of ineffective assistance of counsel hinge on matters of trial strategy, which are precluded from collateral attacks under applicable law. **ECF No. 5**. In his reply,

---

[2] According to the Government, the telephone conference held with counsel Miranda took place on Wednesday, August 12, 2015, at 11:36 a.m. **ECF No. 5** at 4.

petitioner essentially reiterates his arguments summarized above. **ECF No. 6**. He also alleges that defense counsel's failure to introduce the evidence in question was ineffective because it constituted a "conflict of interest." *Id.* at 6.

In the First Circuit, a criminal defense attorney's decision as to which evidence to present, including whether or not to call a given witness or present specific documents, is a matter of trial strategy. *Lema v. United States*, 987 F.2d 48, 54 (1st Cir. 1993). Furthermore, strategic decisions by a defense attorney regarding which evidence to present at trial "should not be second-guessed and do not, as a general rule, provide a basis for an ineffective assistance claim." *Alicea-Torres v. United States*, 455 F. Supp. 2d 32, 51 (D.P.R. 2006) (citing *Barrett v. United States*, 965 F.2d 1184, 1194, n. 19 (1st Cir.1992). *See also: Lema v. United States*, 987 F.2d at 54 ("strategic choices made after thorough investigation are virtually unchallengeable") (citing *Strickland*, 466 U.S. at 690); *Michel v. Louisiana,* 350 U.S. 91, 101 (1955) (a defense attorney's acts or omissions which may be deemed sound trial strategy don't amount to ineffective assistance of counsel); *Moran v. Hogan*, 494 F.2d 1220, 1223 (1st Cir. 1974) (post-conviction disagreements regarding defense strategy did not amount to an unconstitutional deprivation of effective assistance of counsel).

Under Supreme Court case law, a defense attorney's decision whether or not to call particular witnesses in criminal proceedings is worthy of broad deference. Specifically, in *Bell v. Cone*, 535 U.S. 685 (2002), the Supreme Court upheld, under the *Strickland* standard, a state-court determination that defense counsel in a capital murder case did not provide ineffective assistance during the sentencing phase. Among the acts and omissions in question were defense

counsel's choice to not call defendant as a witness to express his remorse. *Id.* at 697-702. Also at issue was defense counsel's decision to not recall other witnesses who could have provided evidence of other potentially mitigating factors, including medical experts and the defendant's mother. *Id.* The Supreme Court concluded its Opinion in *Cone* by stating:

> [w]e cautioned in *Strickland* that a court must indulge a "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight. Given the choices available to respondent's counsel and the reasons we have identified, we cannot say that the state court's application of *Strickland's* attorney-performance standard was objectively unreasonable.

*Id*. at 702 (internal citation omitted).

In the instant case, the Court hereby concludes that plaintiff has failed to meet the first prong of the *Strickland* test. Specifically, he has not established that defense counsel's assistance was so deficient under the circumstances of the case that it precluded petitioner from having a fair trial. Rijo's claim of ineffective assistance of counsel is based on his allegation that his defense counsel failed to adduce allegedly exculpatory witness testimony and documentary evidence. **ECF No. 1**. As revealed by defense counsel in his conversation with the Government attorneys, defense counsel's choice to not present the evidence in question was a pondered strategic decision based on factually and legally sound considerations. **ECF No. 5** at 4. Thus, as in *Cone*, defense counsel's strategic decisions to not present the witness testimony and documents in question warrant deference, and as such do not constitute ineffective assistance of counsel. *See*

*Cone*, 535 U.S. at 697-702. *See also Strickland*, 466 U.S. at 690; *Michel*, 350 U.S. at 101; *Lema*, 987 F.2d at 54; *Barrett v. United States*, 965 F.2d at 1194, n. 19; *Alicea-Torres*, 455 F. Supp. 2d at 51.

Furthermore, contrary to petitioner's assertion that the witness testimony and documentary evidence in question was exculpatory, the record shows that it was not. Said evidence comprises Altagracia's and Rosario's erroneous identification and reporting of petitioner as one of the co-conspirators who was on the boat transporting the drugs. *De La Cruz Feliciano*, 786 F.3d. at 85-86; **ECF No. 5.** In reality, petitioner was at shore instead, helping unload the drug cargo. **Criminal No. 12-068**, **ECF Nos. 385, 394, 397, 401, 405, 406.** That error in no way exculpates petitioner, who was convicted for his role as a participant in the conspiracy to possess with intent to distribute cocaine. Criminal No. 12-068, ECF No. 413. More so, from the proffer received in court, it could be ascertained that if called to testify, Agent Rosario could have used his rough notes to explain any alleged inaccuracies within the DEA 6 report.

In other words, the fact that he was one of the co-conspirators on the shore assisting to unload the cargo instead of one of the co-conspirators on the boat is in no way exculpatory of petitioner's conviction in this case. In that respect, petitioner's 2255 motion fails the second prong of the *Strickland* test. Even if defense counsel had presented the witness testimony and documentary evidence in question, said evidence would not have led to petitioner's acquittal in light of a plausible explanation by Agent Rosario and the ample evidence presented at trial that petitioner was an active participant in the drug smuggling conspiracy, for which he was rightfully convicted. **Criminal No. 12-068**, **ECF Nos. 385, 394, 397, 401, 405, 406, 413;** *De La Cruz*

*Feliciano*, 786 F.3d. at 82-92**.** Thus, petitioner cannot establish that the omission by his defense counsel to present the evidence in question caused him prejudice, as required under the *Strickland* test's second prong.

Finally, petitioner's allegation, contained in his reply to respondent's opposition, that his defense attorney's representation was ineffective because it entailed a conflict of interest is conclusory and meritless. **ECF No. 6** at 4-6. As held by the First Circuit, petitioner has the burden to explain what the conflict of interest consisted of, and "how his lawyer's conduct was 'actually affected' by the alleged conflict of interest." *Familia-Consoro v. U.S.*, 160 F.3d 761, 767 (1st Cir. 1998). Additionally, in *Familia-Consoro*, the First Circuit held that when the allegation of ineffective assistance of counsel entails a defense attorney's decision to not call a witness due to an alleged conflict of interest, petitioner must establish that the actual motive behind that decision was the conflict of interest. *Id*. In the instant case, petitioner did not meet any of the requirements under *Familia-Consoro* to establish ineffective assistance of counsel due to his defense attorney's conflict of interest. To the contrary, Rijo did not explain the basis of his defense counsel's alleged conflict of interest. **ECF No. 6** at 4-6. He also failed to explain how defense counsel's conduct was actually affected by the alleged conflict of interest, particularly regarding his decision to not introduce the evidence in question. *Id.*

### IV. Entitlement to an Evidentiary Hearing

In his reply to the Government's answer, petitioner requests that the Court hold an evidentiary hearing to address his 2255 motion. **ECF No. 6** at 7. Petitioner bears the burden of

demonstrating an entitlement to section 2255 relief. *See David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). Moreover, there is no automatic right to an evidentiary hearing on a section 2255 petition. *See Cody v. United States*, 249 F.3d 47, 54 (1st Cir. 2001). Additionally, a hearing is unnecessary "when the section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case. In other words, a § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." *United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993) (citations omitted). "Evidentiary hearings have been granted to § 2255 appellants who have claimed that their plea was induced by attorney misrepresentations only when the allegations were highly specific and usually accompanied by some independent corroboration." *United States v. Butt*, 731 F.2d 75, 80 n.5 (1st Cir. 1984) (citations omitted).

In the instant case, as discussed above, petitioner's 2255 motion is conclusively refuted by the case's record. Specifically, he fails to establish that his defense attorney's assistance was ineffective under the *Strickland* test's first prong, or that he suffered prejudice pursuant to said test's second prong. Thus, because it is clear that petitioner is not entitled to relief under 2255, the Court finds that an evidentiary hearing is unnecessary. Accordingly, petitioner's request for said hearing is hereby **DENIED**.

**V.     Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, because petitioner's 2255 motion is clearly without merit for failing to make a showing of ineffective assistance of counsel under applicable legal standards, the Court finds that petitioner is not entitled to a COA. Therefore, a COA is hereby **DENIED**.

**VI.     Conclusion**

In light of the foregoing, petitioner's 2255 motion (**ECF No. 1**) is **DISMISSED WITH PREJUDICE**. Petitioner is **DENIED** a COA. Clerk is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 6th day of November, 2017.

                                             **S/AIDA M. DELGADO-COLÓN**
                                             **Chief United States District Judge**